UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WARDS CORNER BEAUTY ACADEMY,**

   Plaintiff,

v.                                          Civil No. 2:16cv639

**NATIONAL ACCREDITING COMMISSION
OF CAREER ARTS & SCIENCES,**

   Defendant.

## MEMORANDUM ORDER

This matter is before the Court on cross-motions for summary judgment associated with Defendant's withdrawal of Plaintiff's accreditation as a barbering and cosmetology academy. ECF Nos. 63, 70. Defendant's summary judgment motion seeks resolution of the entire case in its favor, whereas Plaintiff's motion seeks partial summary judgment consisting of a Court order reinstating Plaintiff's accreditation, followed by a jury trial to determine money damages. Id.

As recognized by the Fourth Circuit in Prof'l Massage Training Ctr., Inc. v. Accreditation All. of Career Sch. & Colleges, 781 F.3d 161 (4th Cir. 2015), the instant accreditation action is a special species of civil action involving a deferential review of Defendant's decision to withdraw Plaintiff's accreditation, and the "appropriate

standard" applicable in such a case typically precludes the Court from conducting any form of trial, or even expanding the administrative record through discovery. Instead, a court reviewing an accreditation decision is typically constrained to reviewing "the record that was considered by the accrediting agency at the time of the final decision." Id. at 174-75.

Although the Administrative Procedures Act ("APA") does not technically apply to accreditation review cases, "principles of administrative law are useful in determining the standard [of review]." Id. at 170 (citation omitted). In cases that are governed by the APA, cross-motions for summary judgment often serve "as the mechanism for deciding" the case; however, in such circumstance, the court does not apply the familiar "standard for summary judgment set forth in Rule 56." Sec. Indus. & Fin. Markets Ass'n v. United States Commodity Futures Trading Comm'n, 67 F. Supp. 3d 373, 399 (D.D.C. 2014). Rather, the district judge performing APA review ordinarily "sits as an appellate tribunal" and the "entire case on review is a question of law," with the complaint read as only advancing "arguments about the legal conclusion to be drawn about the agency action." Rempfer v. Sharfstein, 583 F.3d 860, 865 (D.C. Cir. 2009) (citation omitted); see Haley v. Under Sec'y of Commerce for Intellectual Prop., 129 F. Supp. 3d 377, 381 (E.D. Va. 2015) (same).

Although expansion of the record is typically precluded in an accreditation action, a more searching review, to include discovery, is permissible if a plaintiff makes a "strong showing of bad faith or improper behavior." Prof'l Massage, 781 F.3d at 177-78 (citation omitted). Here, based on the case-specific facts, some limited discovery was authorized, to include discovery into whether the chairman of Defendant's Board of Commissioners (Michael Bouman) had a pecuniary interest in the outcome of Plaintiff's accreditation review based on his business interest in a competing cosmetology school located in Virginia Beach, Virginia, which is less than 15 miles from Defendant's Norfolk, Virginia school.[1] Cf. Pitney Bowes Gov't Sols., Inc. v. United States, 93 Fed. Cl. 327, 332 (2010) (explaining that "[w]here bias is alleged, the administrative record frequently will not be complete or suffice to prove or disprove the allegation," and that "extrarecord evidence" may be

---

[1] In authorizing discovery, the Magistrate Judge assigned to this case recognized that "the court's role in reviewing an accreditation decision is limited and circumscribed," and that discovery must be "carefully constrained" to avoid "contaminating" the administrative record. May 2, 2017, Hearing Tr. 25-27, ECF No. 55. The discovery permitted subsequent to such hearing appears to have provided further support for Plaintiff's preliminary showing that there was a conflict, and arguably undercuts some of defense counsel's pre-discovery representations regarding the degree of Chairman Bouman's pecuniary interest in the success of the Virginia Beach school. Id. at 13. Specifically, Chairman Bouman: (1) appears to have a minor ownership interest in the company operating the Virginia Beach school; and (2) as an executive of such company, he received a bonus in excess of $135,000 for the 2012-2013 year. While the substantial bonus should likely be juxtaposed with the fact that Chairman Bouman's company operates over 85 schools in over 20 states, these competing facts illustrate the divergent inferences that can be drawn regarding the extent of the pecuniary conflict at play in this case.

considered when there is a "strong showing" of bias based on an "evidentiary foundation," such as through facts establishing a non-speculative motivation to act in bad faith); cf. Prof'l Massage, 781 F.3d at 178 (expressly noting that "the potential for bias is impermissibly high" in cases involving an adjudicator with a pecuniary interest in the outcome).

After considering the parties' filings, to include numerous exhibits from the administrative record, as well as limited supplemental discovery, it is clear to the Court that but for the allegations of a pecuniary conflict of interest, this Court would resolve the cross-motions for summary judgment on the record.[2] Stated differently, the applicable deferential review standard renders it improper to conduct a trial of any kind to evaluate the accreditation review process/outcome, with the exception of matters directly relevant to the asserted conflict of interest. With respect to the conflict, the record reveals competing reasonable inferences that can be drawn from the newly developed facts, which demonstrate the existence of genuine, non-speculative, and material disputes regarding whether Plaintiff's case was decided by a "fair tribunal."[3]

---

[2] In addition to the conflict issue, Plaintiff asserts that it was denied due process in other ways, to include the sufficiency of the "notice" of non-compliance and the length of time provided to come into compliance.

[3] The Fourth Circuit has held that the essential due process guarantee of an "impartial decisionmaker" applies in the context of a common law due process claim. Prof'l Massage, 781 F.3d at 177. In defining "impartial,"

4

Accordingly, in light of the apparent need for further proceedings to resolve disputed facts, credibility issues, and likely most importantly, to determine which reasonable inferences to draw from the facts, the Court will take the cross-motions for summary judgment under advisement pending a trial or other evidentiary proceeding <u>limited to addressing the alleged bias/pecuniary interest</u>.

While each party's summary judgment briefs outline the deferential accreditation review standard that applies in a

---

federal courts have held that "[p]articipation of adjudicators who 'might conceivably have had a slight pecuniary interest' . . . does not offend due process." <u>New York State Dairy Foods, Inc. v. Ne. Dairy Compact Comm'n</u>, 198 F.3d 1, 13 (1st Cir. 1999) (quoting <u>Aetna Life Ins. Co. v. Lavoie</u>, 475 U.S. 813, 825 (1986)). In the accreditation/licensing context, because there are recognized "advantages to the involvement of industry representatives in licensing decisions," there are obvious pitfalls in finding a disqualifying conflict "based solely on the fact that there may on occasion be 'some' competition for clients," as such a rule "would call into question the composition" of numerous boards across various industries. <u>Stivers v. Pierce</u>, 71 F.3d 732, 743 (9th Cir. 1995). That said, recusal protocols are plainly necessary to eliminate the participation of individuals with a "substantial" pecuniary interest, which may consist of a real and non-speculative competitive interest. Illustrating such point through an example:
> A lawyer in a one-lawyer town . . . would probably have a "direct" and "substantial" pecuniary interest in the licensing of a competitor planning to hang a shingle across the street. On the other hand, it is unlikely that any attorney practicing in a city like Los Angeles would have a competitive interest sufficiently strong to require that he be disqualified from considering the licensing of an additional lawyer.

<u>Id.</u> Here, there are genuine and material disputes as to <u>the degree of competition</u> as there is conflicting evidence, including: (a) record evidence of a lack of competition (e.g., Plaintiff's sworn assertions in the amended complaint that its students are unlikely to seek an education in Virginia Beach or at other schools in the area); and (b) record evidence suggesting direct competition for students in a localized area (e.g., evidence indicating that Plaintiff operated a Virginia Beach location during the relevant timeframe and record evidence that appears to establish that some of the students enrolled at Plaintiff's Norfolk school resided in Virginia Beach, ECF Nos. 28-6, 28-7, 28-8, 75-1).

5

"typical" accreditation review case, neither party expressly addresses the proper path forward in the event that expansion of the record is properly permitted, yet such expansion results in conflicting facts and conflicting reasonable inferences.[4] Notably, Plaintiff's recent filings address only its request for a jury trial as to money damages, and do not indicate whether Plaintiff is requesting a jury trial on the question of whether a disqualifying pecuniary interest exists in this case. Moreover, to the extent that Plaintiff desires a jury trial on such issue, the parties have not briefed whether Plaintiff has a legal right to a jury determination on such issue. Finally, the parties' filings do not squarely address the proper remedy should Plaintiff ultimately succeed on its assertion of a disqualifying conflict, but fail on its associated due process claims. That is, assuming that the only due process violation Plaintiff can demonstrate is predicated on a biased decisionmaker, the parties have not addressed whether the proper

---

[4] In addition to the disputes discussed in the preceding footnotes, there are disputed inferences regarding the extent of Mr. Bouman's participation in the accreditation review process, because although he did not "vote" to withdraw Plaintiff's accreditation, he: (1) was one of several people that reviewed Ward's Corner's file and signed the motion asking the Board to withdraw Plaintiff's accreditation; and (2) presided over the Board meeting where the withdrawal decision was made. Cf. Johnson v. Bd. of Governors of Registered Dentists of State of Okl., 1996 OK 41, 913 P.2d 1339, 1349, corrected (May 2, 1996) ("While the same strict requirements applicable to adjudicators do not apply to administrative prosecutors, serious due process implications arise when the investigator and prosecutor have a personal financial interest in the outcome of the proceedings." (citing Marshall v. Jerrico, Inc., 446 U.S. 238, 250 (1980))).

remedy is reinstatement of accreditation as requested by Plaintiff, or a "remand" for a <u>de novo</u> administrative accreditation determination by an <u>unbiased panel</u>.

Plaintiff is therefore **INSTRUCTED** to file a status update/supplemental brief clarifying its trial demand **no later than October 26, 2017.** Such filing should identify whether such trial, limited to addressing the issue of bias/pecuniary interest, should be a bench trial or a jury trial, and if the latter is requested, the authority on which Plaintiff relies to support its jury demand. Plaintiff should also address the proper remedy (reinstatement or remand) should the Court/factfinder ultimately conclude: (1) Plaintiff was provided sufficient notice and a sufficient opportunity to cure its defective graduation rate, and the withdrawal decision was predicated on substantial evidence; <u>and</u> (2) while the process and ultimate decision were otherwise valid, Plaintiff was denied a "fair tribunal." Plaintiff's supplemental brief should not exceed fifteen pages in length.

Defendant is **INSTRUCTED** to file a responsive brief that similarly addresses Plaintiff's right to a jury trial on the issue of bias/pecuniary interest (if a jury request is made) as well as the proper remedy should the Court/factfinder conclude that the only proven due process violation was the absence of a "fair tribunal" on the day that accreditation was withdrawn.

Such responsive brief shall be filed no later than **November 1, 2017,** and it is similarly limited to fifteen pages.

To the extent that the parties believe that further settlement discussions may be fruitful prior to, or after, the submission of such supplemental briefs, the parties should contact the calendar clerk for the Magistrate Judge who conducted the original settlement conference in this case.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 20, 2017