UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WARDS CORNER BEAUTY              :
ACADEMY, a Virginia Corporation, :
                                 :
            Plaintiff,           :
                                 :
v.                               :          Case No. 2:16-cv-00639
                                 :               HCM/RJK
NATIONAL ACCREDITING             :
COMMISSION OF CAREER             :
ARTS & SCIENCES,                 :
                                 :
            Defendant.           :

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S CONSENT MOTION TO SEAL EXHIBITS 1, 2, 6, 7, 8, AND 9 TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF LUTHER MACK BROWN

Plaintiff Wards Corner Beauty Academy ("Plaintiff" or "WCBA"), through counsel, pursuant to Local Rule 5(C), hereby submits its Memorandum in Support of Defendant's Motion to Seal Exhibits 1, 2, 6, 7, 8, and 9 to Defendant's Motion to Exclude Testimony of Luther Mack Brown, and moves the Court for an order to seal the documents described below, or alternatively, to accept a redacted version of the exhibits.

### I.      LEGAL STANDARD

A district court "must comply with certain substantive and procedural requirements" when a party requests to seal records. *Va. Dep't of State Police v. Washington Post,* 386 F.3d 567, 576 (4th Cir. 2004). The court must first provide notice and the reasonable opportunity for the public to challenge of the request. *Id.* Second, the court must "consider less drastic alternatives to sealing" the documents. *Id.* Finally, should the court decide to seal, it must make specific findings regarding the decision to seal rather than resort to other alternatives. *Id.* Such a

*Wards Corner Beauty Acad. v. NACCAS*;   Case No. 2:16-cv-00639          PENDER & COWARD, P.C.
Memorandum in Support of Motion to Seal                                    WWW.PENDERCOWARD.COM
Page 1 of 6

finding must state the source of the right to access the document in order to fully and accurately weigh any competing interests at stake.

Despite a "common law presumption in favor of access" to judicial records, this has only been extended to particular judicial records and documents. *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted). While some "documents fall within the common law presumption of access, . . . others are subject to the greater right of access provided by the First Amendment." *United States v. Moussaoui,* 65 Fed.Appx. 881, 889 (4th Cir. 2003). To qualify as a "judicial record" a document must have been filed with the court and "play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 703 (d),* 707 F.3d 283, 290 (4th Cir. 2013). The Fourth Circuit recognizes the public's First Amendment right of access to judicial records and documents filed with the court in connection with dispositive motions, such as Motions for Summary Judgment. *Washington Post,* 386 F.3d at 578-79. However, the "raw fruits of discovery" are not considered judicial records for the purposes of rights of access within this Circuit because they are not expressly considered in a court's adjudication of a motion to dismiss. *In re Policy Mgmt. Sys. Corp.,* Nos. 94-2254, 94-2341, 67 F.3d 296 (table), 1995 WL 541623 at *3-4 (4th Cir. Sept. 13, 1995).

## II.      EXHIBITS TO DEFENDANT'S MOTION TO EXCLUDE TO BE SEALED

Plaintiff consents to Defendant's Motion to Seal Exhibits 1, 2, 6, 7, 8, and 9 to Defendant's Motion to Exclude Testimony of Luther Mack Brown (the "Confidential and Proprietary Exhibits") for the following reasons applicable to all such Confidential and Proprietary Exhibits and to each such Exhibit in Sections A – F below. The Plaintiff considers the information contained in the Confidential and Proprietary Exhibits to be financial and proprietary and not generally known to the public and has offered the Confidential and

*Wards Corner Beauty Acad. v. NACCAS*;   Case No. 2:16-cv-00639                    PENDER & COWARD, P.C.
Memorandum in Support of Motion to Seal                                             WWW.PENDERCOWARD.COM
Page 2 of 6

Proprietary Exhibits themselves as evidence thereof. Due to the business sensitive confidential and proprietary nature of the Confidential and Proprietary Exhibits, disclosure of the confidential and proprietary information in such Confidential and Proprietary Exhibits may provide competitors or potential buyers of the Plaintiff an unfair competitive advantage and cause injury to the Plaintiff's competitive position in the marketplace if they become generally known. Plaintiff believes there exists no less drastic measure to ensure the confidentiality of the information contained in the Confidential and Proprietary Exhibits. The following provides additional information applicable to each specific exhibit.

### A. Exhibit 1 To Defendant's Motion to Exclude Testimony of Luther Mack Brown

Plaintiff requests this Court seal Exhibit 1 to Defendant's Motion to Exclude Testimony of Luther Mack Brown. Exhibit 1 contains the Expert Witness Report of WCBA's damages expert, Luther Mack Brown. This document, marked "CONFIDENTIAL" when produced to the NACCAS, contains WCBA's proprietary information. WCBA designated Mr. Brown to give opinions on WCBA's lost profits. In doing so, Mr. Brown analyzed WCBA's income statements, cost ratios, student enrollment numbers, revenue stream, and expenses. This proprietary and confidential information should remain protected. Furthermore, this report was created as a "raw fruit of discovery," and should be sealed accordingly.

### B. Exhibit 2 To Defendant's Motion to Exclude Testimony of Luther Mack Brown

Plaintiff requests this Court seal Exhibit 2 to Defendant's Motion to Exclude Testimony of Luther Mack Brown. Exhibit 2 contains the deposition transcript of Plaintiff's Expert, Luther Mack Brown. Throughout Mr. Brown's deposition, he disclosed confidential financial information about WCBA's business operations, including WCBA's marketing strategies,

*Wards Corner Beauty Acad. v. NACCAS*;   Case No. 2:16-cv-00639
Memorandum in Support of Motion to Seal
Page 3 of 6
PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

income statements, cost ratios, student enrollment numbers, revenue stream, and expenses.. This information is considered proprietary to WCBA, and should be kept confidential as such. Exhibit 2 with the financial information redacted has been filed.

**C. Exhibit 6 To Defendant's Motion to Exclude Testimony of Luther Mack Brown**

Plaintiff requests this Court seal Exhibit 6 to Defendant's Motion to Exclude Testimony of Luther Mack Brown. Exhibit 6 is the Rebuttal Report for the Reports Issued by Luther Mack Brown, as prepared by NACCAS' expert witness, Dean E. Heinberg. As the Rebuttal Report analyzes the numbers and the conclusions contained in Mr. Brown's report, NACCAS seeks to seal the exhibit for the reasons expressed in Sections II. A. and B. above. The financial information and strategies analyzed by Mr. Brown and Mr. Heinberg are proprietary to WCBA and should be kept confidential as such.

**D. Exhibit 7 To Defendant's Motion to Exclude Testimony of Luther Mack Brown**

Plaintiff requests this Court seal Exhibit 7 to Defendant's Motion to Exclude Testimony of Luther Mack Brown. Exhibit 7 contains enrollment numbers for Wards Corner over certain recent periods of time and the revenue generated by those enrolled in WCBA's programs over a period of months. All such proprietary information should remain confidential when asked of the Court, as is currently the case. Furthermore, WCBA marked this exhibit as "CONFIDENTIAL" when producing the document to the NACCAS, and NACCAS seeks to respect such a designation by filing this request.

**E. Exhibit 8 To Defendant's Motion to Exclude Testimony of Luther Mack Brown**

Plaintiff requests this Court seal Exhibit 8 to Defendant's Motion to Exclude Testimony of Luther Mack Brown, another document marked "CONFIDENTIAL" by WCBA. Exhibit 8

*Wards Corner Beauty Acad. v. NACCAS*;   Case No. 2:16-cv-00639
Memorandum in Support of Motion to Seal
Page 4 of 6
PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

contains enrollment lists provided by WCBA during discovery. A list of student enrollment is analogous to a proprietary patient or client list, and should be considered proprietary information of Ward's Corner. In addition, the exhibit contains retention rates which are proprietary. Because the exhibit has been marked "CONFIDENTIAL" and contains proprietary information, the exhibit should be sealed.

### F. Exhibit 9 To Defendant's Motion to Exclude Testimony of Luther Mack Brown

Plaintiff requests this Court seal Exhibit 9 to Defendant's Motion to Exclude Testimony of Luther Mack Brown. Exhibit 9, marked "CONFIDENTIAL," is WCBA's Statements of Income for the years 2015, 2016, and 2017. This document discloses WCBA's revenue, percentage of revenue derived from tuition, and a detailed break down of its operating expenses over a three year period. Such financial information is proprietary to WCBA and would cause competitive injury to WCBA if it because generally known to the public. As WCBA has designated this document "CONFIDENTIAL," and because it contains proprietary information, Exhibit 9 should be sealed.

### III.     CONCLUSION

For the foregoing reasons, WCBA respectfully requests that the Court grant its request to seal the documents described herein referencing information designated confidential.  To prevent the disclosure of confidential proprietary information, WCBA respectfully requests that the Court issue the proposed attached order to seal Exhibits 1, 2, 6, 7, 8, and 9 to Defendant's Motion to Exclude the Testimony of Luther Mack Brown. The sealing of these exhibits pertain to discovery and will not play a significant role in the adjudicative process, therefore there is no harm to the public's right of access. A proposed Order has been attached as Exhibit 1 hereto.

*Wards Corner Beauty Acad. v. NACCAS*;   Case No. 2:16-cv-00639          PENDER & COWARD, P.C.
Memorandum in Support of Motion to Seal                                  WWW.PENDERCOWARD.COM
Page 5 of 6

Respectfully submitted,

**WARDS CORNER BEAUTY ACADEMY**


By:       /s/ William A. Lascara
                   Of Counsel

William A. Lascara, Esquire (VSB #23118)
wlascara@pendercoward.com
Jesse B. Gordon, Esquire (VSB #68187)
jgordon@pendercoward.com
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
(757) 490-6265 – Telephone
(757) 456-2935 – Facsimile
*Counsel for Wards Corner Beauty Academy*


<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on the 6th day of November, 2017, the foregoing was forwarded by electronic mail and First Class U.S. Mail to:

Julia Kim Whitlock Esq.
Gordon & Rees LLP
1300 I St., NW, Ste 825
Washington, DC 20005
Ph. 202-399-1009
Fax 202-800-2999
jwhitlock@gordonrees.com

O'Kelly Edward McWilliams, III, Esq.
Gordon & Rees LLP
1300 I St., NW, Ste 825
Washington, DC 20005
Ph. 202-399-1009
Fax 202-800-2999
omcwilliams@gordonrees.com


/s/ William A. Lascara
William A. Lascara

*Wards Corner Beauty Acad. v. NACCAS*;   Case No. 2:16-cv-00639           PENDER & COWARD, P.C.
Memorandum in Support of Motion to Seal                     WWW.PENDERCOWARD.COM
Page 6 of 6